UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Dominic Bracey,                       Case No. 3: 23-cv-1223

        Plaintiff,

    v.                                  MEMORANDUM OPINION
                                         AND ORDER

Hon. Joseph McNamara, *et al.*,

        Defendants.


## I.     INTRODUCTION

This is a removed *pro se* case. *Pro se* plaintiff Dominic Bracey filed his complaint for "deprivation of happiness" and "violation of his constitutional rights" in the Lucas County, Ohio Court of Common Pleas against Common Pleas Judge Joseph McNamara, Attorney Patricia Horner, and Police Officer Anthony Martin. (Doc. No. 1-2). The complaint pertains to a criminal case brought against Bracy in Lucas County in which he was charged with improperly handing firearms. *State of Ohio v. Dominic Bracey*, G-4801-CR-202202426 (Lucas Cnty. Ct. of Comm. Pls.)

Martin was the arresting officer. Judge McNamara initially presided in the state case, and Horner was initially appointed to represent Bracey. Bracey contends his rights were violated by Martin's warrantless search of his car and his arrest, and by the conduct of Judge McNamara and Horner during the criminal proceeding (apparently in connection with a competency hearing, a motion to suppress, or both). (*See* Doc. 1-2 at 3-4.) He does not seek any specific form of relief.

At the time he filed his complaint, the Lucas County criminal proceedings were still ongoing. The docket in the state case now indicates that Bracey pleaded no contest in the case to the offense

of improperly handling firearms in a motor vehicle and was sentenced to two years of community control. *See State v. Bracey*, G-4801-CR-202202426 (Aug. 31, 2023 Docket Entry).

The Defendants filed motions to dismiss the complaint under Rule 12 of the Federal Rules of Civil Procedure for various reasons. (*See* Doc. Nos. 10 (Motion to Dismiss or in the Alternative to Stay Proceedings filed by Martin); 12 (Motion for Judgment on the Pleadings pursuant to Rule 12(c) filed by Horner); and 14 (Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) filed by McNamara)). Bracey has not opposed the motions.

## II. STANDARD OF REVIEW

The standard for evaluating a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as the standard for evaluating a motion to dismiss under Rule 12(b)(6). *Cole v. EV Properties, L.P.*, Case No. 4:12-cv-1923, 2013 WL 1633649, at *1 (N.D. Ohio Apr. 16, 2013).

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state a claim upon which relief can be granted. To survive a dismissal under Rule 12(b)(6), a complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although pleadings and documents filed by *pro se* litigants are generally "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See, e.g., Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citing cases).

2

### III. DISCUSSION

Upon review, I agree with Defendants that Bracey's complaint warrants dismissal under Rule 12. As I noted above, Bracey has not filed a response to the motion to dismiss. "A plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion." *Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 875 (W.D. Mich. 2014) (citing *Humphrey v. United States Attorney Gen.'s Office,* 279 F. App'x 328, 331 (6th Cir. 2008) and *Scott v. State of Tenn.,* 878 F.2d 382 (6th Cir. 1989) (unpublished table decision)). I deem Bracey to have waived opposition to Defendants' motions to dismiss due to his failure to oppose those motions.

Bracey's complaint purports to assert federal civil rights claims challenging the propriety of state criminal proceedings against him. (Doc. No. 1-2 at 3-4). Now that he has been convicted and sentenced in the state case, any civil rights claim he asserts is subject to dismissal under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." *Id.* at 486-87.

Because neither his conviction nor his sentence has been called into question or invalidated in any of the ways articulated in *Heck,* any federal civil rights claim Bracey asserts in his complaint must be dismissed. *See, e.g., Hunt v. Michigan*, 482 F. App'x 20 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim).

Further, Judge McNamara and Horner are immune from suit, or cannot be sued, for civil rights claims under § 1983 for the conduct Bracey alleges they engaged in during the state case.

Judges are entitled to absolute immunity from suit based on their judicial acts, even if they acted erroneously or in bad faith, unless their actions are taken in a non-judicial capacity or in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997). Bracey does not allege facts supporting a plausible exception to absolute judicial immunity.

Moreover, "[i]t is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor" subject to suit for civil rights violations under § 1983. *Jordan v. Kentucky*, Case No. 3:09-cv-424, 2009 WL 2163113, at *4 (W.D. Ky. July 16, 2009) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)).

To the extent Bracey wishes to challenge the lawfulness of his conviction or sentence in the Lucas County criminal case, he must now do so "through the state's appellate procedure and, if that fails," by seeking *habeas corpus* relief in federal court under 28 U.S.C. § 2254. *Jackim v. City of Brooklyn*, Case No. 1:05-cv-1678, 2010 WL 4923492, at *4 (N.D. Ohio Nov. 29, 2010). His present complaint alleges no federal civil rights claim upon which he may be granted relief.

### IV. CONCLUSION

For the foregoing reasons and the reasons stated in Defendants' unopposed motions, the motions, (Doc. Nos. 10, 12, and 14) are granted, and this action is dismissed. I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge